Filed 2/15/22  P. v. Twyman CA2/8
Opinion following transfer from Supreme Court

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ANTHONY DAWAYNE TWYMAN,<br><br>    Defendant and Appellant. | B304515, B306643<br><br>(Los Angeles County<br>Super. Ct. No.  TA139642) |

APPEAL from orders of the Superior Court of Los Angeles County, Pat Connolly, Judge.  Reversed with directions.

Jonathan E. Demson, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta and Xavier Beccera, Attorneys General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Charles S. Lee, Amanda V. Lopez and Nima Razfar, Deputy Attorneys General, for Plaintiff and Respondent.

———————————

Pursuant to an order of the California Supreme Court filed January 5, 2022, we vacate our previous opinion filed April 7, 2021, and reconsider our ruling in light of Senate Bill No. 775 (2021–2022 Reg. Sess.).

On September 29, 2017, appellant Anthony Dawayne Twyman entered a plea to attempted murder and other sentencing enhancements. The trial court sentenced him to imprisonment for 20 years.

On October 17, 2019, appellant filed a petition for resentencing pursuant to Penal Code section 1170.95.[1] Without appointing counsel, the trial court summarily denied the petition, finding appellant ineligible for relief because he was "not convicted of murder."

Appellant appeals the denial of his petitions for resentencing.[2] He argues the trial court's summary denial of his petition without appointing counsel violated not only the clear language of the statute, but also his state and federal constitutional rights to due process and the assistance of counsel.

Section 1170.95 originally allowed defendants convicted of murder under the theory of felony murder or the doctrine of natural and probable consequences to petition the trial court to vacate such convictions and resentence them. During the pendency of this appeal, section 1170.95, subdivision (a) was

---

[1]    All undesignated statutory references are to the Penal Code.

[2]    Appellant filed two notices of appeal from the denial of two resentencing petitions he filed. We ordered the appeals consolidated. This disposition addresses all issues raised by the denials of the two petitions.

amended to expressly permit resentencing of persons convicted of attempted murder under a natural and probable consequences theory. (Sen. Bill No. 775 (2020–2021 Reg. Sess.); § 1170.95, as amended by Stats. 2021, ch. 551, § 2, subd. (a).) The parties now agree, as do we, that the matter must be remanded to the trial court to determine whether petitioner has made a prima facie showing of entitlement to relief. In light of the foregoing, we reverse the trial court's order denying the petition and remand for further proceedings.

As to appointment of counsel, *People v. Lewis* (2021) 11 Cal.5th 952, 957 holds that upon the filing of a facially sufficient petition, the trial court must appoint counsel upon request. The parties do not dispute, and we find, that appellant's petition was facially sufficient. Therefore, before determining whether a prima facie case for relief has been made, the trial court must appoint counsel to assist appellant with his petition.

## DISPOSITION

The orders are reversed.  The trial court is directed to appoint counsel and proceed under section 1170.95, subds. (b), (c), and (d), if an evidentiary hearing is warranted by the trial court's prima facie determination.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


STRATTON, J.

We concur:


GRIMES, Acting P. J.


WILEY, J.